# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0623, <u>State of New Hampshire v. Lucinda Brownlee</u>, the court on September 16, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Lucinda Brownlee, appeals her conviction, following a jury trial in Superior Court (<u>Brown</u>, J.), on a charge of circumventing an ignition interlock device.  <u>See</u> RSA 265-A:37 (2014) (amended 2015).  She argues that the trial court erred by denying her motion to suppress evidence that she claims the police officer who arrested her, following a traffic stop, obtained in violation of the State and Federal Constitutions.

We first address the defendant's argument under the State Constitution and rely on federal law only to aid in our analysis.  <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).  In reviewing the trial court's ruling, we accept its factual findings unless they lack support in the record or are clearly erroneous, and review its legal conclusions <u>de novo</u>.  <u>State v. Dalton</u>, 165 N.H. 263, 264 (2013).

It is well-settled that a police officer, within the parameters of Part I, Article 19 of the New Hampshire Constitution, may detain a motorist if the officer has reasonable suspicion, based on specific, articulable facts taken with all rational inferences from those facts, that the person stopped has been, is, or is about to be, engaged in criminal activity.  <u>Id</u>. at 265; <u>see</u> <u>State v. McKinnon-Andrews</u>, 151 N.H. 19, 22-23 (2004).  During such a stop, the officer may ask a moderate number of questions to determine the person's identity and confirm or dispel the officer's suspicion.  <u>State v. Michelson</u>, 160 N.H. 270, 275 (2010).  The scope of the stop, however, must be narrowly tailored to its underlying justification, and may last no longer than is necessary to effectuate its purpose.  <u>Dalton</u>, 165 N.H. at 265; <u>Michelson</u>, 160 N.H. at 274.  An officer who has stopped a motorist based upon a reasonable mistake may briefly explain the mistake and inform the motorist that she is free to leave.  <u>See</u> <u>Dalton</u>, 165 N.H. at 265 (citing <u>United States v. Jenkins</u>, 452 F.3d 207, 213 (2d Cir. 2006)).

In this case, the defendant does not dispute that the police officer who stopped her had reasonable suspicion to initiate the stop.  She argues, however, that the officer impermissibly expanded the stop beyond what was

constitutionally permissible by interacting with her after his initial suspicion had been dispelled.

The evidence submitted at the suppression hearing establishes that the officer stopped the defendant after checking the license plate number of the vehicle she was driving, learning that it was registered to a man whose license had been suspended, and believing, based upon his brief observation of the driver, that the driver was male. The officer testified that he only realized that the driver was a woman and, thus, not the vehicle's owner, as he walked up to the vehicle. According to the officer, when he got to the driver's window, he said, "Oh, I'm sorry. The owner of the car has a suspended . . . license." Without any prompting or questioning from the officer, the defendant responded by saying that she was aware that the owner's license was suspended, that she was using his vehicle because her car had mechanical problems, and that she was supposed to have an interlock device. The conversation lasted less than a minute. At that point, according to the officer, he asked the defendant for her license, confirmed that she was prohibited from driving any vehicle not equipped with an ignition interlock device, and placed her under arrest.

The defendant offered contrary testimony. She testified that after the officer told her that he had mistakenly pulled her over, he asked about her relationship to the vehicle's owner. After she answered that question, she testified that he asked for her license and registration. It was at that point, according to the defendant, that she disclosed the interlock device restriction. In denying the motion to suppress, the trial court determined that the officer's account was more credible because it was corroborated by his report. Thus, the trial court found that the defendant provided the inculpatory statement "without any further questioning or prompting by" the officer, after he had "explained the reason for the stop and apologized for the confusion." We accept these findings because they are supported by the record and are not clearly erroneous. Dalton, 165 N.H. at 264. The inculpatory statement, according to the trial court, provided the officer with independent reasonable suspicion.

On appeal, the defendant requests that we "adopt the majority rule and hold that, when the sole justification for the investigatory stop has been dispelled, and no further suspicion has developed, the police may not question the driver or request a driver's license." According to the trial court's findings, however, the officer did not question the driver or request her license until after she had made the inculpatory statement, without any prompting by the officer, thereby providing the officer with the requisite "further suspicion." She further requests that we "hold that no interaction may occur after the officer realizes the mistake that initially justified the investigatory stop if there is no additional cause for reasonable suspicion." As noted above, however, an officer who has mistakenly stopped a motorist may, consistent with Part I, Article 19, briefly explain the mistake to the motorist. See id. at 265. That is precisely what

2

occurred here.  To the extent the defendant faults the officer for not telling her that she was free to leave, the record establishes that she made the inculpatory statement immediately in response to the officer's explanation of his mistake, during an interaction that lasted less than one minute.  Under these circumstances, the officer was justified in requesting the defendant's license and detaining her further to investigate whether she was driving in violation of an ignition interlock device restriction.  See Jenkins, 452 F.3d at 214 (finding that officers, who had mistakenly pulled over a vehicle, acted reasonably in questioning the occupants because, when they approached the vehicle, an odor of marijuana was immediately apparent).

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances.  See id.; Dalton, 165 N.H. at 265.  Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**